**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF MISSISSIPPI**

**WILLIAMSON & WILLIAMSON FARM, LLCS PARTNERSHIP
DEBTOR**                                                                                         **CHAPTER 11**

**CASE NO. 16-10671**

**RICKY WILLIAMSON, PARTNER**                                                 **MOVANT**

**EMERGENCY MOTION TO INCUR DIP FINANCING AND
GRANT SECURITY THEREFOR AND FOR OTHER RELIEF AND
TO EXPEDITE HEARING THEREON**

**COMES NOW Williamson & Williamson Farms Partnership,** (the "Debtor") and files this its Emergency Motion to Incur DIP Financing and Grant Security Therefor and For Other Relief (the "Emergency Motion"), and in support thereof would respectfully show as follows, to-wit:

1.  This Chapter 11 case was initiated by the filing of a voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on February 26, 2016. Movant is the Debtor in this Chapter 11 case and is managing the assets and businesses of the Debtor and remains in control of all assets.

2.  The Court has jurisdiction of the subject matter herein and the parties hereto pursuant to 28 U.S.C. §157 and 1334; 11 U.S.C. §105, 363, 541, 1107, related statutes, related rules and various orders of reference. This is a core proceeding.

**Background**

3.  The Debtor is a farming partnership that farms row crops in and around the Sunflower and Tallahatchie County, Mississippi, area.

4.  Prior to the filing of the Petition herein, the Debtor obtained its crop production loan funds from State Bank & Trust, hereinafter referred to as the "Bank" and Pinnacle

1

Agriculture Distribution, Inc., d/b/a Sanders fka Jimmy Sanders, Inc., hereinafter referred to as "Sanders/Pinnacle". The Bank and Sanders/Pinnacle provided crop production financing funds to the Debtor for the 2015 crop.

5. The Debtor seeks to borrow sufficient funds for crop production financing for the crop year 2016, as reflected on Exhibit "A". By way of explanation, the Debtor farms approximately 2,323.5 acres. Agrifund, LLC, agrees to lend Debtor the sum of Nine Hundred Twenty-Three Thousand, Two Hundred Seventy Six Dollars ($923,276) and is requesting that the Court provide said Lender a first super-priority position on the 2016 crop, crop insurance, and the government payments relating to the Debtor's farmland it will finance.

## Relief Requested

6. The Debtor is in need of the use of cash, which would include the use of borrowed funds pursuant to §364 of the Bankruptcy Code to continue its operations, to cultivate, care for, maintain, and harvest the 2016 crop. This includes the payment of utility bills, ongoing lease operating expenses, payment for goods and services necessary to maintain normal operations, wages and employee related expenses, and the other normal categories of expenses and expenditures.

7. Agrifund, LLC has agreed to lend the Debtor the sum of Nine Hundred Twenty-Three Thousand, Two Hundred Seventy Six Dollars ($923,276). Said loan shall bear interest at the rate of 9.5% per annum and shall mature and be payable in full on March 15, 2017. The loan of this sum by Agrifund, LLC is conditioned upon the availability and use by Debtor of cash collateral in the sum of Four Hundred Sixty Thousand, Five Hundred Seventy One Dollars ($460,571) derived from the 2015 crops in storage and 2015 FSA payments.

8. The terms of the above loans are

    (a) just, fair, and reasonable under the circumstances;

      (b)    are ordinary and appropriate;

      (c)    reflect the Debtor's prudent business judgment;

      (d)    are supported by reasonably equivalent and fair consideration; and

      (e)    have been negotiated at arms' length between the Debtor and Agrifund, LLC, which is a good faith lender, and the loan to be made by them is a good faith loan.

9. Debtor is unable in the ordinary course of business or otherwise, to obtain unsecured credit allowable pursuant to Section 503(b)(1) of the Bankruptcy Code as an administrative expense pursuant to Sections 363 or 364(a) or (b) of the Bankruptcy Code in an amount necessary for the maintenance and preservation of its assets and operation of its business, or secured indebtedness pursuant to Section 364(c) of the Bankruptcy Code on terms or from sources other than as provided by the Lender pursuant to the terms of this Motion.

10. Good cause exists for the entry of an Order granting the Motion. Among other things, entry of an Order will minimize reduction of the Debtor's business, will create value in the 2016 crop, will increase the possibility for a successful orderly reorganization of the Debtor, will maintain the value of the Debtor's assets, and is in the best interests of the Debtor, its creditors, and other parties-in-interest.

11. The terms of the use of post-petition financing outlined herein are for reasonably equivalent value and fair consideration.

12. As security for the contemplated DIP Loans, Debtor proposes that Agrifund, LLC be granted:

      (a)    pursuant to Section 364(c)(2) of the Bankruptcy Code, a perfected first super-priority lien on the security interest in all 2016 crops, crop proceeds, government (and all related) support programs and payments and all proceeds thereof, and crop insurance, that is ahead of,

3

and prior to any purported or existing liens asserted by any third party;

(b)  pursuant to Section 364(c)(3) of the Bankruptcy Code, a perfected junior lien on, and security interest in, all pre-petition and post-petition property of the Debtor subject to valid and perfected liens in existence on the Petition Date or to valid liens in existence on the Petition Date that are perfected subsequent to the Petition Date as permitted by Section 546(b) of the Bankruptcy Code as "DIP Collateral". In addition to the grants of security described herein, in a borrowing transaction, the Debtor shall be authorized and directed to continue to perform, in the ordinary course of its business operations, all post-petition obligations necessary to perform under the contemplated DIP loan.

13.  The claims of the creditors and lienholders, other than Agrifund, LLC, will be adequately protected notwithstanding the grant of the senior liens to Agrifund, LLC.

14.  Nothing shall be construed as in any way modifying, impairing, or otherwise affecting any contractual right of the United States or of any of its agencies with respect to any government program payments or proceeds which will be Agrifund, LLC's collateral.

### Reporting Requirements

15.  (a)  Debtor shall promptly provide the above Lender and its counsel with copies of all reports made to the Court, all reports or financial data prepared by Debtor's accountants, and all reports and information currently required to be provided by the Debtor to the Lender, including, without limitation, the reports and information required by the agreement of the parties, and all such other information as may be reasonably requested by the Lender.

(b)  Debtor shall permit representatives of the Lender reasonable access to the books and records of Debtor, all reports or financial data given by Debtor to any other third party, and shall permit reasonable opportunity to meet with and obtain information from responsible personnel of Debtor. Specifically, without limitation, Debtor shall permit the Lender and its

agents reasonable access to Debtor's books and records and business premises for the purposes of winding down the Debtor's business and conducting any audit or other study deemed necessary or appropriate by the Lender.

(c) Debtor shall continue to use its best efforts to perform in the ordinary course of its business operations all obligations to the Lender necessary to complete all 2016 crops.

### Execution of Documents and Automatic Perfection of Liens

20. To evidence the obligations, the creation of security interests as set forth above, and all terms and provisions evidencing the agreements between the Debtor and the Lender, the Debtor respectfully requests that it be authorized to execute and deliver to the Lender, at the Lender' option, any and all of the following as may be requested by the Lender, in form and substance acceptable to the Lender.

All agreements, instruments, and documents of any type or nature, including, without limitation: security agreements, financing statements, notes, schedules, instruments, powers of attorney, consents, assignments, contracts, notices, leases, amendments, supplements and allonges implementing the Security Agreement and security interests and liens granted in connection therewith, and all other written matter now or from time to time hereafter reasonably requested by the Lender.

Notwithstanding the foregoing, all agreements, security interests, and liens contemplated by this Motion are effective and perfected without further filing by the Lender in compliance with any state or federal law. The Lender will not be required to file financing statements or other documents in any jurisdiction or take any other actions in order to perfect its security interests and liens made or granted under or pursuant to the Motion. If the Lender, in its sole discretion, choose to file any financing statements, or other documents to otherwise confirm perfection of such security interests and liens, all such documents shall be deemed to have been

filed or recorded at the time and on the Petition Date. However, the failure of Debtor to execute any such documentation, or failure of the Lender otherwise to attach or perfect its security interest in the Collateral under state or federal law, shall in no way affect the validity, perfection, or priority of the security interests, and liens granted to the Lender. As a result of these "self executing" provisions as to the terms of any post-petition pending between the Debtor and the Lender, there is no need to attach copies of any lending documents hereto.

21. For all of the above and foregoing reasons, the Court should also approve the post-petition financing by the Lender. The post-petition lending will allow the Debtor to continue its operations, provide for an orderly reorganization herein, and provide additional security to Debtor's employees that its salaries will continue to be paid.

22. The terms and conditions of any post-petition lending have been negotiated in good faith and at arm's length, and the post-petition lending will be extended in good faith as that term is contemplated in §364(e) of the Bankruptcy Code.

23. As noted, the terms and conditions of any proposed borrowing by the Debtor from the Lender will be controlled by the terms hereof.

## Notice

24. Notice of this Motion has been provided to the known relevant secured parties (the Lender and the FDIC), the Chapter 11 Trustee, the U. S. Trustee, all government agencies, and all parties having entered an appearance and requested notice. The Debtor submits that notice is appropriate and proper under the circumstances and that no further notice is required.

## Conclusion

25. The Debtor respectfully requests that this Court, upon consideration of the Emergency Motion, will (1) authorize, on an interim basis, the funding requested herein; (2) schedule a final hearing on this Emergency Motion; (3) upon final consideration, approve the

borrowing, and (4) grant the Debtor such other and further relief to which it may be entitled.

**THIS,** the 26th day of February, 2016.

Respectfully submitted,

**WILLIAMSON & WILLIAMSON
FARMS PARTNERSHIP**

By Its Attorneys,

**LEVINGSTON & LEVINGSTON, P.A.**

**By:** //s// Jeffrey A. Levingston
Jeffrey A. Levingston
MSB No. 1219
P. O. Box 1327
Cleveland, MS  38732
662-843-2791 (Telephone)
662-843-2797 (Facsimile)
jleving@bellsouth.net


**CERTIFICATE OF SERVICE**

I, the undersigned, Jeffrey A. Levingston, do hereby certify that I have caused to be served this date, via electronic filing transmission and/or U. S. Mail, postage prepaid, a true and correct copy of the above and foregoing *Emergency Motion to Incur DIP Financing and Grant Security Therefor and For Other Relief* to the following:

Office of the U.S. Trustee
501 East Court Street, Suite 6-430
Jackson, MS  39201
Margaret.Middleton@usdoj.gov


This the  26th day of February, 2016.

//s// Jeffrey A. Levingston
Jeffrey A. Levingston