**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**

**WILLIAMSON & WILLIAMSON FARMS, LLC PARTNERSHIP**
**DEBTOR**                                                                                        **CHAPTER 11**

                                                                                                **CASE NO.  16-10671**

**RICKY WILLIAMSON, PARTNER**                                                **MOVANT**

**MOTION FOR EMERGENCY ORDER AUTHORIZING USE OF
CASH COLLATERAL HELD BY SANDERS/PINNACLE ON AN INTERIM
BASIS AND FOR FINAL ORDER AUTHORIZING CONTINUED USE OF
CASH COLLATERAL AND TO EXPEDITE HEARING ON SAME**

**COMES NOW** Williamson & Williamson Farms Partnership, Chapter 11 Debtor herein, by and through counsel, and would show unto the Court as follows:

1. Debtor filed for Chapter 11 protection on February 26, 2016, and is the qualified Chapter 11 Debtor in this case.  There is an approximate total sum of Six Hundred Fifty-Three Thousand Nine Hundred Thirty Nine Dollars ($653,939) owing by the Debtor to Pinnacle Agriculture Distribution, Inc., d/b/a Sanders fka Jimmy Sanders, Inc., hereinafter referred to as "Sanders/Pinnacle". The Debtor is in the business of raising and marketing row crops, and presently has in storage 28,595.22 bushels of 2015 soybeans valued at approximately Two Hundred Forty Seven Thousand Five Hundred Twenty Dollars ($247,520).  Sanders/Pinnacle holds a security interest, and second position in said crops.

2. In addition to holding a security interest and second position on the Debtor's crops, Sanders/Pinnacle holds a security interest and second position lien in the 2015 FSA payments which are valued in the approximate sum of Two Hundred Thirteen Thousand Fifty-One Dollars ($213,051).

3. The Debtors state that in addition to holding a security interest and second lien on the Debtor's crops and second position on 2015 FSA payments, Sanders/Pinnacle holds a third-position lien on all of the Debtor's equipment, valued at One Million Nine Hundred Thirty-Five Thousand Nine Hundred Dollars ($1,935,900), pursuant to an appraisal conducted by Benny Taylor, CAGA, Taylor Auction & Realty, a copy of which is attached hereto as Exhibit "A". The first lienholders on said equipment are the initial equipment dealer/finance companies and their liens total the sum of Four Hundred Seventy-Nine Thousand, Three Hundred Twenty-Nine Dollars ($479,329)  The second lienholder, State Bank & Trust Company, has a secured debt owing it in sum of Nine Hundred Two Thousand, Six Hundred Thirty-Nine Dollars ($902,639). Sanders/Pinnacle's third position lien is in the sum of Six Hundred Fifty-Three Thousand Nine Hundred Thirty-Nine Dollars ($653,939).  The equipment is valued at $1,935,900.00, leaving an equity cushion in the approximate sum of Five Hundred Thirty-Nine Thousand, Six Hundred Thirty-Two Dollars ($539,632).  To the extent that Sanders/Pinnacle is not adequately protected, then the Debtor offers a second/third position replacement lien on the 2016 crop.

4. The Debtor would show unto the Court that it is in its best interest, and in the best interest of Sanders/Pinnacle, and his other creditors, that it be allowed to sell the soybeans and retain the proceeds, and retain the 2015 FSA payments, which will be used to grow its 2016 crop

5. The Debtor requires the use of all of the crop proceeds and FSA payments in order to continue and maintain the operation of his farming operation on a profitable basis, and in the ordinary course of business, more crops will be generated.  Debtor re-alleges that there is a more than adequate equity cushion in equipment to totally secure Sanders/Pinnacle's position.

**WHEREFORE,** Debtor moves that this Court enter its order authorizing the Debtor to sell the 28,595.22 bushels of soybeans and to use the cash collateral derived therefrom, and order

that Sanders/Pinnacle release to the debtor the 2015 FSA payments in the approximate sum of Two Hundred Thirteen Thousand Fifty-One Dollars ($213,051) and authorize the Debtor to use said payments as herein stated.

**THIS,** the 26th day of February, 2016.

**RESPECTFULLY SUBMITTED,**

**LEVINGSTON & LEVINGSTON**

By:   //s// Jeffrey A. Levingston
      Jeffrey A. Levingston
      MSB No. 1219
      P. O. Box 1327
      Cleveland, MS  38732
      662-843-2791
      662-843-2797 facsimile
      jleving@bellsouth.net

## CERTIFICATE OF SERVICE

I, the undersigned Jeffrey A. Levingston, attorney for Debtor, do hereby certify that I have served the above and foregoing *Motion for Emergency Order Authorizing Use of Cash Collateral on an Interim Basis And for Final Order Authorizing Continued Use of Cash Collateral* by mailing a true and correct copy thereof by United States Mail, postage prepaid, to:

> Ricky & Cindy Williamson
> PO Box 591
> Drew, MS 38737
>
> Office of the U.S. Trustee
> 501 East Court Street, Suite 6-430
> Jackson, MS  39201

**THIS**, the 26th day of February, 2016.

  //s// Jeffrey A. Levingston
Jeffrey A. Levingston
